Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for certification of a popular name and ballot title for a proposed initiated act. You have previously submitted three separate popular names and ballot titles for a similar measure, which resulted in my issuance of Opinions 99-265, 99-322, and 99-369. In each of those Opinions, I stated that I was unable to certify a popular name and ballot title for your measure due to a number of unresolved ambiguities in the text of your proposal. You have made changes to your text since the issuance of these Opinions, have restyled your proposal as an initiated act, rather than a constitutional amendment and now submit the following new proposed popular name and ballot title for my certification:
 POPULAR NAME FOOD SALES TAX EXEMPTION BALLOT TITLE ACT TO EXEMPT FOOD ITEMS AND THOSE FOOD ITEMS EXEMPTED FROM THE `ARKANSAS SODA TAX ACT' FROM THE STATE, COUNTY, AND MUNICIPAL GROSS RECEIPTS SALES TAX: PROVIDE FOR THE EXCLUSIONS OF THE `ARKANSAS SODA TAX ACT,' PREPARED RESTAURANT FOOD AND ALCOHOLIC BEVERAGES FROM THIS ACT:
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to several ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107 (b).
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 1. Ambiguities exist in Sections 1 and 2, in which you refer to the "Arkansas Soda Tax Act." The proper name of that act is set out at A.C.A. § 26-57-901 as the "Arkansas Soft Drink Tax Act." The text of your proposal erroneously refers to it as the" Arkansas Soda Tax Act." This point must be clarified in your text.
 2. Section 1 of your proposal states that "[a]ll food items defined as any item that is edible, and maybe packaged, canned and contained in any manner for shipping and handling . . . shall hereby be exempted from the gross receipts sales tax. . . ." The use of the words "maybe packaged, canned and contained in any manner" is unclear in this sentence. I surmise that your intention is to exempt, as "edible," food items although or even though they may be packaged, canned or contained in some manner. The existing language is too unclear on its face, however, to admit of this interpretation.
 3. Section 1 of your proposal exempts all food items (defined as any item that is edible) from the gross receipts tax and also exempts those items exempted from the "Arkansas Soda Tax Act" as listed in A.C.A. § 26-57-905. The latter exemption causes ambiguities in several respects. The "Arkansas Soft Drink Tax Act" levies a tax on distributors, manufacturers and wholesalers. A.C.A. § 26-57-904. It is not a retail tax. The exemptions from this tax are likewise geared to the manufacture, distribution and wholesaling of the products listed. The "gross receipts sales tax" which is the subject of your amendment, on the other hand, is a retail tax. It does not apply to "sales for resale." See A.C.A. § 26-52-401 (12)(A). The portion of your proposed act that exempts those items exempt from the "Arkansas Soft Drink Tax Act" (which refers, among other things to certain syrups, simple syrups, powders or base products) thus causes some problems in construction and implementation. In addition, in my judgment, the separate exemption of those items exempted under A.C.A. § 26-57-905
causes an ambiguity as to your intention as to the meaning of the term "edible" as used in your proposed act. That very broad term is not defined in your proposal. A question arises, in my judgment, under the new language of your proposal, as to whether the term "edible" generally includes items that are "drinkable." There may be drinkable food items that are neither taxed under the Arkansas Soft Drink Tax Act nor exempted therefrom. A question arises as to whether such items are included as "edible" and therefore exempt from gross receipts sales taxes, or excluded as not being "edible" (and not being exempted under A.C.A. § 26-57-905) and therefore taxable.
 4. As noted in Opinion 99-322, questions may arise as to whether the language of Section 1, exempting "food items" from "any tax by whatever name used to tax food" exempts such things as the inventories of grocery stores or food distribution companies from personal property
taxation. Again, this must be clarified you measure may be properly summarized in a popular name and ballot title.
 5. Section 2 of your proposal states that it shall not affect gross receipts sales taxes or any other tax levied on certain soft drinks, prepared restaurant foods and alcoholic beverages and such taxes "shall stand." An ambiguity exists, in my judgment, as to whether the emphasized language has the effect of granting initiated status to those special taxes noted. This issue is important because if these special taxes "shall stand" under an initiated act, a question arises as to whether a two-thirds vote of the legislature would be required to amend or repeal them. See Amendment 7, ("General Provisions") ("Amendment and Repeal). The "shall stand" language creates an ambiguity in this regard.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General